United States District Court
Southern District of Texas
**ENTERED**
March 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY ARNEAL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-435 |
| | § | |
| JOSE H HERNANDEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court is in receipt of Plaintiff Jimmy Arneal Butler's ("Butler") Appeal of the Magistrate Judge's Denial of Butler's Motion for Appointment of Counsel, Dkt. No. 23. In his appeal, Butler requests the Court to review the Magistrate Judge's January 26, 2017 Order denying without prejudice Butler's Motion for Appointment of Counsel, *see* Dkt. Nos. 14; 15, and the Magistrate Judge's February 16, 2017 Order denying Butler's renewed Motion for Appointment, *see* Dkt. Nos. 18; 21.

On January 26, 2017, the Magistrate Judge to whom this case was referred denied Butler's Motion for Appointment of Counsel, finding that appointment of counsel was not warranted at the time in light of the Fifth Circuit's guidance on factors to be considered in determining whether to appoint counsel. Dkt. No. 15. Those factors are: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. *Id.* (citing *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *Id.* In applying the facts of the current case to the relevant factors, the Magistrate Judge found:

> Regarding the first factor, Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Dkt. No. 15 at 2. The Magistrate Judge's February 16, 2017 Order denied Butler's subsequent Motion for Appointment of Counsel for the reasons previously stated in the January 26, 2017 Order. *See* Dkt. No. 21.

In his appeal, Butler states that the current case has overwhelmed him in legal issues beyond his knowledge and that the appointment of counsel is necessary to continue. Dkt. No. 23 at 2. Butler states that he is unable to investigate his prisoner civil rights complaint because he is confined in state prison, the subject is complex (and beyond the guidance provided in a booklet he has relied upon for redress in the instant suit), and because Defendants have the benefit of counsel. *Id.*

While acknowledging Butler's arguments, the Court agrees with the Magistrate Judge's findings that Butler's civil rights claims are not particularly complex, that he has thus far demonstrated that he is able to communicate adequately an file proper pleadings, and that, at this time, there is no indication of conflicting testimony given the early stage of litigation and the fact that Butler's suit has not been scheduled for trial.

For these reasons, the Court **AFFIRMS** the Magistrate Judge's Order, Dkt. No. 21.

SIGNED this 7th day of March, 2017.

_____
Hilda Tagle
Senior United States District Judge