United States District Court
Southern District of Texas
**ENTERED**
May 19, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY ARNEAL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-435 |
| | § | |
| JOSE H HERNANDEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Pending is Plaintiff's motion to compel discovery (D.E. 25), Defendants' response (D.E. 33), and Defendants' motion for a protective order (D.E. 32). Plaintiff's motion to compel and Defendants' motion for protective order are each **GRANTED in part** as set forth below.

Plaintiff Jimmy Arneal Butler is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging, among other things, Defendants Garrett Dressler and Christopher Lane were deliberately indifferent to his safety in violation of the Eighth Amendment when they failed to protect him from the violent attack of an inmate named Broomfield. In Plaintiff's motion to compel discovery, he alleges Defendants have failed to answer his discovery requests. (D.E. 25). Defendants Dressler and Lane respond that they have provided Plaintiff with documents responsive to his requests for production, but they have not answered his

interrogatories because they believe they are entitled to qualified immunity[1] and as such are shielded from the burden of litigation until the Court rules on the issue of qualified immunity.

The Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012). The Court must find that the plaintiff has pled "specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* "[I]f the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (citation omitted).

The undersigned summarized Plaintiff's allegations as follows in the Memorandum and Recommendation to retain this case:

> Plaintiff alleges he was previously assaulted by inmate Broomfield with a homemade dart. The dart hit a correctional officer, which is some indication officers assigned to work in that area should be aware of Broomfield's intent to assault Plaintiff. Further, Plaintiff alleges he personally told Lieutenant Jose Hernandez inmate Broomfield had threatened Plaintiff and that inmate Broomfield could get out of his cell. Plaintiff also alleges officers in the segregation unit were

---

[1] Qualified immunity shields government officials performing discretionary functions from liability for civil damages so long as their conduct does not violate clearly established rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). To overcome a defense of qualified immunity, the plaintiff must satisfy a "two-prong test." *Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir.2005). First, the plaintiff must allege that the defendants committed a constitutional violation under current law. *Id.* Second, the plaintiff must allege that "the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.*

> aware inmate Broomfield could get out of his cell but had been intimidated by inmate Broomfield to the extent he was not moved to a more secure cell.
>
> Further, Plaintiff alleges Officers Dressler and Lane made no effort to stop or otherwise prevent the apparently imminent threat from inmate Broomfield. From Plaintiff's perspective, there was no effort to ensure inmate Broomfield's cell was adequately secured or that inmate Broomfield remained in his cell. Further, Plaintiff alleges Officers Dressler and Lane retreated which allowed inmate Broomfield to beat Plaintiff who was unable to defend himself because these defendants had placed Plaintiff in handcuffs. Finally, Plaintiff has alleged Lt. Hernandez was aware of the threat but chose to do nothing because Lieutenant Hernandez does not like "snitches." The circumstances of an inmate exiting his locked cell and entering the cell of another inmate who was handcuffed at the time make this serious allegation more than speculative or conclusory.

(D.E. 9, pp. 6-7).

Plaintiff has pled sufficient facts to allow the court to draw the reasonable inference that Defendants are liable for the harm alleged and that defeat a qualified immunity defense with equal specificity. *Williams v. Mueller,* 13 F.3d 1214, 1216 (8th Cir. 1994) ("A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault."); *Morales v. New York State Dep't of Corrections,* 842 F.2d 27, 29–30 (2d Cir.1988) (prison official's failure to take any action whatsoever when he saw one inmate assaulting another violated the Eighth Amendment). However, further clarification is necessary before a ruling can be made on the issue of qualified immunity. Therefore, the undersigned will order limited discovery relevant to the issue of the Defendants' defense of qualified immunity.

Discovery shall be limited to the personal knowledge and conduct of Defendants as it relates to Plaintiff being assaulted by inmate Broomfield on about January 8, 2016. Discovery may include:

1. Defendants' involvement, observation, intervention or lack of intervention of the assault;

2. Defendants' knowledge of the animosity or conflict between inmate Broomfield and Plaintiff;

3. the Defendants' knowledge of inmates being able to exit their locked cell without permission, including inmate Broomfield;

4. Defendants' training in dealing with inmate on inmate assaults or fights.

It is therefore ORDERED that Defendants shall respond to Plaintiff's discovery requests within the parameters set forth above.

It is further ORDERED that Defendants are protected from discovery of matters outside the parameters set forth in this order until the issues of qualified immunity have been decided.[2]

It is further ORDERED that any relief requested not specifically granted in this order is denied without prejudice.

ORDERED this 19th day of May, 2017.

_____
Jason B. Libby
United States Magistrate Judge

---

[2] Defendants' dispositive motion is due on June 8, 2017.